MORRIS REALTY COMPANY, INCORPORATED, PLAINTIFF-APPELLEE, v. DEMYTRO POPIEL AND ROSEK POPIEL, DEFENDANTS-APPELLANTS.

Decided June 22, 1927.

**Sale of Real Estate—Agent's Commissions—Agent Produced Customer but Vendor Refused to Convey—Held, That Agreement Provided For Compensation Upon Procurement of Purchaser, Not Upon Consummation of Sale, the Time of Payment Being Provided For in the Agreement.**

On appeal from the Second District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *John V. Laddey.*

For the appellee, *David Silver* (*J. Glenn Anderson,* of counsel).

PER CURIAM.

This appeal comes before us on a state of the case settled by the court below, as follows: "The action was to recover commission claimed to be due plaintiff, as real estate brokers, from defendants, owners of premises, for services as such brokers under an agreement marked in evidence as 'P-I.' After the execution of 'P-I,' Edward Jayson, a ready, able and willing purchaser, was produced by the plaintiff corporation, but defendants refused to convey. No written agreement other than 'P-I' was ever entered into by parties hereto. At completion of case, defendants' counsel moved, first, for a nonsuit, and then for a direction of a verdict, on the contention that plaintiff's right to recovery was contingent upon the passing of title, and that the instrument 'P-I' contemplated the execution of a further contract before it became binding. I found that plaintiff's right to recover was complete, upon the production of Jayson as a purchaser, and that the term 'due on date set for passing of title' was an expression, not of contingency, but of time payment was due, the instrument setting a day thirty days from January 14th, 1926, as date of passing of title. Defendants admitted that prospective purchaser produced by plaintiff was one ready, able and willing to purchase under the terms expressed in 'P-I.'

"I denied defendants' motion for a nonsuit and for a direction of a verdict, and rendered judgment for plaintiff in the sum of $327.50.

"Exception to the court's ruling was prayed and granted."

From a reading of the state of the case the appeal seems to us to be without merit.

Judgment is affirmed, with costs.